## ELIZABETH BALOGH
*vs.*
## ANDREW KRATKY

| Superior Court | Fairfield County | File No. 60313 |

MEMORANDUM FILED MAY 28, 1941.

*Cullinan, Finkelstone, Cohen & Coles,* of Bridgeport, for the Plaintiff.

*Richard L. Weldon,* of Bridgeport, for the Defendant.

BOOTH, J.   In the above entitled case it is conceded, that on May 7, 1940, as the proximate result of the negligence of the defendant, as alleged in the complaint, the plaintiff received certain personal injuries.

From the evidence it is found that these injuries consisted of a contusion of the right temporal region of the head, a contusion of the right chest, a contusion of the right leg, a fracture of the distal shaft of the right ulna and a fracture of the styloid process of the right radius.

As a result thereof the plaintiff was confined in a hospital for eight days, was confined to her house for a week and suffered pain, disability and inconvenience during such period and for some time thereafter.

The injuries to the wrist required the application of a cast and a retention of the same for a period of two weeks.

The contusions to the head, right chest and leg disappeared within a short time, although the plaintiff claims the head injury resulted in headaches and dizziness which still persist.

So far as the wrist is concerned it is found that the bones thereof healed in a satisfactory manner and resulted in no deformity.   There is still a five per cent disability in the flexion and hyper extension of the wrist, and the grip of the plaintiff's right hand is slightly weaker than that of her left.   The plaintiff also claims she still experiences pain in the wrist during atmospheric changes.

It is found that the injury to the wrist exaggerated a pre-existing arthritic condition of two of the plaintiff's fingers, which accounts for the above disability and pain.   The plaintiff also claims that the injuries to her head produced a concussion of the brain and that such concussion accounts for her claimed headaches and dizziness.   The evidence concerning this claim, while not particularly impressive, was sufficient to satisfy the court that such claim was not entirely unfounded though perhaps somewhat exaggerated.

In any event the injuries did cause pain, disability, discomfort and inconvenience, and caused the plaintiff to expend $159.57 for medical and surgical treatment.

In view of the above concession as to liability and in view of the nature and extent of the plaintiff's injuries and damage

as above outlined, judgment may enter for the plaintiff to recover of the defendant, upon the issues of the complaint, and for the plaintiff to recover of the defendant $909.57 damages and costs.